IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| DEWEY LARRY DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-cv-00556-LSC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION**

**I.   Introduction**

Before the Court is the Motion to Dismiss or in the alternative Motion for Summary Judgment, filed by the defendant, the Commissioner of Social Security ("Commissioner"), on July 30, 2015. (Doc. 6.) Because Plaintiff's complaint was not timely filed, he is foreclosed from bringing this action, and the Commissioner's motion to dismiss is due to be granted.

**II.  Discussion**

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Commissioner denying his applications for a period of disability and disability insurance benefits under Title II

of the Social Security Act, 42 U.S.C. §§ 401-433, and for supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f.

On January 26, 2015, the Appeals Council sent Plaintiff notice of its denial of review and of the right to commence a civil action within sixty days from the date of the receipt to Plaintiff and his counsel. Plaintiff thus had sixty days from his receipt of the Appeals Council's notice to request judicial review. *See* 42 U.S.C. § 405(g). To be considered timely, Plaintiff must have commenced his civil action on or before April 1, 2015 (January 26, 2015, plus 60 days, plus 5 days for presumed receipt from mailing).[1] The instant action was commenced on April 2, 2015.

Plaintiff does not dispute that his action was untimely filed, but asked this Court not to dismiss this action because Plaintiff's counsel had written to the Appeals Council on August 16, 2015, requesting permission for an extension of time to file a judicial complaint. (*See* Docs. 7 & 9.)

The Court held a telephone conference on August 19, 2015, at which time counsel for Plaintiff and counsel for the Commissioner agreed that the Appeals

---

[1] The Commissioner, by regulations published December 9, 1976, in the Federal Register, 41 F.R. 53792, 20 C.F.R. § 422.210(c), has interpreted "mailing" as the date of receipt by the individual of the Appeals Council's notice of denial of request for review of the presiding officer's decision or of the Appeals Council's decision. *See also* 20 C.F.R. § 404.981. The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. *See* 20 C.F.R. §§ 404.901, 422.210(c). The Commissioner has interpreted this provision to mean that a complaint is timely filed if it is filed within sixty-five days of the date on the Appeals Council notice. *See also* 20 C.F.R. §§ 404.901, 404.981, 422.210(c).

Council is the proper entity to determine whether Plaintiff may file a civil action seeking district court review of the Administrative Law Judge's decision out-of-time. *See* Minute Entry of telephone conference dated August 19, 2015.[2]

The Court has now been notified that on August 21, 2015, the Appeals Council denied Plaintiff's request for an extension of time to file a civil action. (*See* Docs. 10 & 10-1, "Defendant's Status Report" and "Letter of the Appeals Council Denying Extension of Time"). Accordingly, Plaintiff's complaint fails to state a claim upon which relief can be granted, since it was not filed within sixty days after the presumptive receipt of notice by Plaintiff of the Commissioner's final decision or within further time allowed by the Commissioner through the Appeals Council. This Court defers to the agency's judgment, as there are no extraordinary circumstances present here that would justify extending the period. *See Bowen*, 476 U.S. at 480; *Smith v. Astrue*, 393 F. App'x 596 (11th Cir. 2010) (per curiam) (finding "attorney error" does not constitute an extraordinary circumstance that warrants equitable tolling); *Collier–Fluellen v. Comm'r of Soc. Sec.*, 408 F. App'x 330 (11th Cir. 2011) (per curiam) (finding an attorney's miscalculation of the filing

---

[2] In *Bowen v. City of New York*, the Supreme Court ruled that the sixty day period specified in section 205(g) of the Social Security Act is a period of limitation, which in a rare case can be tolled by the Commissioner or the courts. 476 U.S. 467, 480 (1986). The Court stated, however, that in most cases the Commissioner should make the determination whether to extend the sixty day period and that only "where the equities in favor of tolling the limitation period are so great that deference to the agency's judgment is inappropriate," should the courts extend the period. *Id.* (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)).

deadline does not constitute an extraordinary circumstance that warrants equitable tolling).

## III. Conclusion

For the foregoing reasons, the Court finds that the Commissioner's motion to dismiss the complaint (doc. 6) is due to be granted and Plaintiff's complaint is due to be dismissed. A separate closing order will be entered contemporaneously.

**DONE** AND **ORDERED** ON AUGUST 26, 2015.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704